**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50521

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BILLY RAY FITZGERALD,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

July 12, 1996

Before JOLLY, DUHÉ, and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant, Billy Ray Fitzgerald, was convicted and sentenced for possession of over five grams of cocaine base in violation of 21 U.S.C. § 844(a). On appeal, Fitzgerald challenges both the district court's refusal to give a jury instruction on the lesser included offense of possession of a controlled substance, and the sufficiency of the indictment. Alternatively, Fitzgerald challenges the calculation of his sentence. We affirm.

Police officers responded to a report of an assault that culminated in the chase and ultimate arrest of Fitzgerald. One of the police officers chasing Fitzgerald saw him drop a light colored object that turned out to be a medicine bottle containing 63

yellowish rocks.  Tests performed on a five rock random sample identified the rocks as cocaine base or crack.  Fitzgerald denied possessing the bottle and its contents.  A jury found him guilty.

Fitzgerald argues that the district court erroneously denied his requested jury instruction on the lesser included offense of simple possession of a controlled substance in violation of 21 U.S.C. § 844(a).  A defendant is entitled to a jury instruction on a lesser included offense if (1) the elements of the lesser offense are a subset of the elements of the charged offense (statutory elements test), and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense yet acquit him of the greater.  Fed. R. Crim. P. 31(c); United States v. Lucien, 61 F.3d 366, 372 (5th Cir. 1995); United States v. Browner, 889 F.2d 549, 550-551 (5th Cir. 1989).  The Government concedes that the statutory elements test is satisfied under the reasoning and analysis of United States v. Deisch, 20 F.3d 139 (5th Cir. 1994).

We must decide whether the district court abused its discretion in determining that a rational jury could not convict on the lesser offense and acquit on the greater offense.  Fitzgerald argues that the testimony of John Mills, a chemist employed by the Department of Public Safety who tested some rocks contained in the bottle, was equivocal and that a rational jury could have found that the substance was cocaine hydrochloride, the powder form or salt of cocaine, as opposed to cocaine base.  A complete reading of Mr. Mills testimony convinces us that no rational jury could

2

conclude that the substance tested was cocaine hydrochloride instead of cocaine base.  The district court did not abuse its discretion.

Fitzgerald next challenges, for the first time on appeal, the sufficiency of the indictment arguing that it did not allege every element of the offense of conviction.  To be sufficient, an indictment must allege every element of the crime charged.  United States v. Alford, 999 F.2d 818, 823 (5th Cir. 1993).  We review the sufficiency of an indictment de novo.  Id.; United States v. West, 22 F.3d 586 (5th Cir.), cert denied, 115 S.Ct. 584 (1994).  An objection to the indictment based on failure to charge an offense can be made at any time.  Fed. R. Crim. P. 12(b)(2).  But, if raised for the first time on appeal and the appellant does not assert prejudice, that is, if he had notice of the crime of which he stood accused, the indictment is to be read with maximum liberality finding it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted.[1]  Alford, 999 F.2d at 823; United States v. Chaney, 964 F.2d 437 (5th Cir. 1992); United States v.

---

[1]Questions regarding the applicability of the plain error standard to the sufficiency challenge were raised at oral argument. While several other circuits have applied the plain error standard to first-time, appellate challenges to the sufficiency of the indictment for failure to charge all elements of a crime, we have found no Fifth Circuit cases that do so. See United States v. Perez, 67 F.3d 1371 (9th Cir. 1995), reh'g en banc granted, 77 F.3d 1210 (1996) and United States v. Murphy, 762 F.2d 1151 (1st Cir. 1985).  We conclude that the application of the plain error standard is inappropriate when the aggrieved party may object to the error at any time.  Plain error applies only to forfeited errors.  United States v. Olano, 507 U.S. 725 (1993).

3

<u>Wilson</u>, 884 F.2d 174 (5th Cir. 1989).  Practical, not technical, considerations govern our inquiry.  <u>Chaney</u>, 964 F.2d at 446.

Fitzgerald was tried on a one-count, superseding indictment which charged:

<u>COUNT ONE</u>
(21 U.S.C. § 844)[2]

On or about December 4, 1994, in Bastrop County, in the Western District of Texas, the Defendant,
BILLY RAY FITZGERALD

knowingly and intentionally did possess cocaine base, a Schedule II Controlled Substance in violation of Title 21, United States Code, Section 844.

The caption of the indictment states "Violation: 21 U.S.C. § 844 - Possession of over 5 grams cocaine base."  The jury found Fitzgerald guilty of Count One of the indictment.  The Judgment described the offense as "POSSESSION OF OVER 5 GRAMS COCAINE BASE" and accordingly, imposed a sentence of 210 months imprisonment.

Possession of a controlled substance under § 844(a) is a misdemeanor unless the controlled substance is cocaine base and over five grams is possessed, in which case the offense is a

---

[2]Section 844 states in part:

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year . . . Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than five years and not more than 20 years, and fined a minimum of $1,000, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds five grams. . .

felony.[3]  Fitzgerald argues that he was convicted and sentenced for the felony offense, possession of over five grams of cocaine base, but was not indicted for that offense because the indictment does not specify the quantity of cocaine base.  Appellant reasons that the quantity is an essential element of felony possession and must be charged by indictment.  Whether the quantity of cocaine base is an essential element of felony possession of cocaine base is a question of first impression in this circuit.  However, we are provided strong guidance by United States v. Deisch, 20 F.3d 139 (5th Cir. 1994) and hold that quantity is an essential element of felony possession of cocaine base under the third sentence of § 844(a).[4]

In Deisch, a panel of this Court decided whether possession of cocaine base under 21 U.S.C. § 844(a) was a lesser included offense of possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1).  Before reaching the final result, the Court concluded that the identity of the substance is an element of the offense based on the protections of the Indictment Clause of the Fifth Amendment.  Deisch, 20 F.3d at 144-145.  Any federal offense punishable by imprisonment for more than one year is an offense for which the Fifth Amendment requires a grand jury indictment.  Id.

---

[3]The statute also prescribes other circumstances not at issue here which result in felony sentences as well.

[4]Deisch also holds that the third sentence of § 844(a) regarding possession of over five grams of cocaine base is a separate offense  from the offense of possession of a controlled substance in the first sentence of § 844(a).  Deisch, 20 F.3d at 148.

While an indictment need not allege mere sentencing facts, any attribute that makes an otherwise misdemeanor offense a felony must be alleged in the indictment. Id. at 146-147. Because a quantity of cocaine base in excess of five grams makes misdemeanor possession of cocaine base a felony, the quantity of cocaine base is an essential element of felony possession of cocaine base proscribed in the third sentence of § 844(a). *See* Deisch, 20 F.3d at 148 n.19; *accord,* United States v. Sharp, 12 F.3d 605 (6th Cir. 1993).

We must therefore decide in this case whether the indictment is so defective that by any reasonable construction, it fails to charge the quantity of cocaine base. The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. Chaney, 964 F.2d at 446. An indictment's most basic purpose is to fairly inform a defendant of the charge against him. Id.

The quantity of cocaine base is mentioned only in the caption of the indictment. Appellant argues that the caption is mere surplusage and should be ignored relying on United States v. Kennington, 650 F.2d 544 (5th Cir. 1981), United States v. Ebolum, 72 F.3d 35 (6th Cir. 1995), and United States v. Pazsint, 703 F.2d 420 (9th Cir. 1983). Kennington and Ebolum are distinguishable because the captions in those cases were erroneous or incomplete and the courts held that the captions would not invalidate the indictment. In Pazsint, the sufficiency issue was not raised for

6

the first time on appeal and thus, a different standard of review was applied. The issue we decide is whether a caption can cure a defect in the body of the indictment reading the indictment with maximum liberality. We hold that it can.

In United States v. Arteaga-Limones, 529 F.2d 1183 (5th Cir.), *cert. denied*, 429 U.S. 920 (1976), we instructed that "[w]hile the counts of an indictment must stand independently for the purpose of being judged as to sufficiency, they need not be read apart from the caption and heading of the indictment." 529 F.2d at 1188. Arteaga-Limones involved a defendant's right to stand trial in the district in which the offense took place. The defendant argued that the indictment was fatally defective because one of the counts did not state the location in which the offense was committed, a requirement for jurisdiction. The court assumed without ruling that the failure to allege the location of the offense could be a fatal defect but held that because the caption indicated the district in which the trial was to be held, the indictment was sufficient. Id.

We are also persuaded by United States v. Hernandez, 980 F.2d 868 (2d Cir. 1992). In Hernandez, the caption defined the offense being charged as conspiracy to possess a controlled substance with intent to distribute. The body of the count, however, did not refer to intent to distribute although it cited that statute. The court read the indictment in its entirety and found that the precise language used in the caption, the statutory citation contained in the body of the count and the quantity of heroin

7

alleged were sufficient to advise the defendant that he was subject to charges on possession with intent to distribute. Id. at 871-872. In this case, the quantity of cocaine base was likewise sufficiently charged. The caption stated the quantity, the body of the count referenced the statute, 844(a), and Fitzgerald did not dispute the quantity of the substance in the medicine bottle.[5]

Appellant briefly argues that since Fitzgerald was not charged with possessing over five grams, the jury could not find beyond a reasonable doubt that he possessed over five grams.[6] In light of our finding that the indictment did specify the quantity of cocaine base, Appellant's argument lacks merit.

Appellant also argues that his sentence was based on an erroneously determined quantity of cocaine base. Fitzgerald had $3,515 in cash the night of his arrest. The district court found that the cash was proceeds of unlawful cocaine base distribution, calculated the amount of cocaine base that could be purchased by $3,515 and added that amount, 39.69 grams, to the amount of cocaine

---

[5] Appellant argues that the evidence does not prove that over five grams of cocaine base were possessed because the chemist tested only 5 of the 63 rocks. Random sampling is generally accepted as a method of identifying the entire substance whose quantity has been measured. *See e.g.,* United States v. Roach, 28 F.3d 729 (8th Cir. 1994), United States v. Scalia, 993 F.2d 984 (1st Cir. 1993), and United States v. Madkour, 930 F.2d 234 (2d Cir.), *cert. denied*, 502 U.S. 911 (1991).

[6] Appellant cites United States v. Gaudin, 115 S.Ct. 2310 (1995) which holds that a criminal defendant is entitled a jury determination on every element of the offense of conviction. In Gaudin, the court decided one of the elements of the offense and instructed the jury accordingly. Gaudin is not determinative in this case because Appellant's claim is not based on erroneous jury instructions but instead on the sufficiency of the indictment.

base recovered from the bottle. *See,* U.S.S.G. § 2D1.1 Application note 12. Appellant argues that the court's finding that the money was drug proceeds was clearly erroneous because it was based on unreliable information from a confidential informant. Appellant also argues that the district court erred by finding the entire amount was proceeds because he earned $850 the month prior to his arrest.

The accuracy of the district court's factual findings, including the quantity of drugs attributable to the defendant, is reviewed under the clearly erroneous standard. United States v. Carreon, 11 F.3d 1225, 1230 (5th Cir. 1994); United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993), *cert. denied*, ___ U.S. ___, 114 S.Ct. 1310 (1994). While the sentencing court may consider relevant information without regard to its admissibility as trial evidence, the information must have sufficient indicia of reliability to support its probable accuracy. U.S.S.G. § 6A1.3(a); United States v. Angulo, 927 F.2d 202 (5th Cir. 1991). A presentencing report generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations required by the sentencing guidelines. United States v. Jobe, 77 F.3d 1461, 1476 (5th Cir. 1996). If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable. Angulo, 927 F.2d at 205.

Fitzgerald argues that the information from the confidential informant is unreliable because it is triple hearsay and the informant was not identified.  First, the PSR's conclusion that the seized funds were distribution proceeds was based on Fitzgerald's unemployment, not on the statement of the confidential informant. Second, even disregarding the information from the confidential informant, sufficient evidence supports the district court's finding that the seized funds were distribution proceeds.  The denominations of the seized bills were consistent with crack cocaine sales.  Fitzgerald's explanation for the large sum of money--that he was Christmas shopping for his children at 9:30 p.m., distrusted banks, and some of the money belonged to relatives--lacked credibility.  Fitzgerald was unemployed and identified no other source of income other $850 worth of contract work the month before his arrest.  We find no clear error.

AFFIRMED.