IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60560
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KENNETH EDWARD GRIZZLE,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:95-CR-37GR
- - - - - - - - - - -
October 3, 1997
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

     Kenneth Edward Grizzle appeals his conviction and sentence

for making false statements to obtain benefits under the

Longshore and Harbor Workers' Compensation Act, in violation of

33 U.S.C. § 931.  Grizzle challenges the sufficiency of the

evidence, the sufficiency of the indictment, the district court's

determination of the applicable loss, and the court's imposition

of restitution.  Our review of the record and the arguments and

authorities convinces us that no reversible error was committed.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The evidence was not insufficient.  See <u>United States v. Ivey</u>, 949 F.2d 759, 766 (5th Cir. 1991).  The indictment sufficiently informed Grizzle of the charges against him and of the elements of the charged crime.  See <u>United States v. Fitzgerald</u>, 89 F.3d 218, 221 (5th Cir.), <u>cert.</u> <u>denied</u>, 117 S. Ct. 446 (1996).  Grizzle has not shown that the district court clearly erred in determining that the amount of the loss attributable to Grizzle's conduct amounted to $48,400.  See <u>United States v. Tedder</u>, 81 F.3d 549, 550 (5th Cir. 1996).  The district court did not abuse its discretion by ordering Grizzle to pay $7,000 restitution in 35 equal monthly payments.  See <u>United States v. Reese</u>, 998 F.2d 1275, 1282 (5th Cir. 1993).

AFFIRMED.