IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40984
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK WILLIAMS HAWKINS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CR-66
- - - - - - - - - -
August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jack Williams Hawkins' motion to file a reply brief out of time is GRANTED. Hawkins has filed a pro se appeal of his conviction and sentence for distribution of cocaine. Hawkins has, through his guilty plea and plea agreement, waived his right to challenge the search and seizure of contraband. See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). Hawkins has, by withdrawing his earlier written objections to the Presentencing Report (PSR), waived his right to argue that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in increasing his base offense level because he possessed a dangerous weapon during the course of his drug trafficking.  He has likewise waived his right to argue that the Government breached the plea agreement.  See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)(en banc)(discussing difference between waiver and forfeiture of rights).

Hawkins has not shown that the district court committed error, plain or otherwise, in determining the drug quantity for sentencing purposes; Hawkins provided no evidence before the district court disputing the PSR's factual findings regarding the amount of drugs he distributed.  See United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996).  Hawkins has likewise not shown error, plain or otherwise, in the district court's failure to dismiss the case based upon double jeopardy.  See United States v. Johnson, 91 F.3d 695, 697 (5th Cir. 1996); see also United States v. Ursery, 518 U.S. 267, 291-92 (1996).

We decline to review Hawkins' claim of ineffective assistance of counsel, as the issue was not sufficiently developed in the district court.  See United States v. Rivas, 157 F.3d 364, 369 (5th Cir. 1998).

AFFIRMED; MOTION TO FILE REPLY BRIEF OUT OF TIME GRANTED.