IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40003
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEFFREY BROWN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CR-36-2
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

     Jeffrey Brown appeals his sentence after pleading guilty to

distributing and possessing with intent to distribute

methamphetamine.  Brown argues that the district court erred in

assessing a three-level enhancement under U.S.S.G. § 3B1.1(b)

because his criminal activity did not involve five or more

participants at any given time.  Brown maintains that, although

his indictment included a drug-conspiracy charge, the substantive

drug offense to which he ultimately pleaded guilty did not

involve five or more participants.  Brown also maintains that the

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Government failed to prove by a preponderance of the evidence that the enhancement was warranted.

Fifth Circuit precedent and the commentary to the sentencing guidelines both make clear that a sentencing court, rather than being limited to the four corners of the offense of conviction, may consider relevant conduct in determining a defendant's role in the offense. See United States v. Patino-Cardenas, 85 F.3d 1133, 1137 (5th Cir. 1996); United States v. Mir, 919 F.2d 940, 945-46 (5th Cir. 1990); U.S.S.G. Ch. 3, Pt. B, intro. comment. Because Brown's offense conduct and relevant conduct involved at least five participants, the district court did not err in assessing a three-level enhancement under § 3B1.1(b). See United States v. Ocana, 204 F.3d 585, 591-92 (5th Cir.), cert. denied, 121 S. Ct. 192 (2000); United States v. Eastland, 989 F.2d 760, 768-69 (5th Cir. 1993). To the extent Brown challenges the sufficiency of the evidence supporting the enhancement, his argument is unavailing. See United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996)(stating that a presentence report generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge when making factual determinations); Mir, 919 F.2d at 943 (stating that when a defendant fails to present any rebuttal evidence to refute facts in the presentence report, the district court is free to adopt those facts without further inquiry).

AFFIRMED.