IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10543
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL REYNOLDS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-277-1-A
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Reynolds appeals his sentence following his guilty-plea conviction for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1). Reynolds argues that the district court clearly erred in its attribution of drug quantity by including the $26,800 seized from Reynolds' home safe as proceeds from the sale of methamphetamine. We have reviewed the record, the briefs of the parties, and the applicable law, and we find no reversible error.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The $26,800 at issue was located in the safe alongside a handgun and an additional quantity of methamphetamine, and the district court found that this, along with the over $10,000 on Reynolds' person at the time of his arrest for selling methamphetamine, was sufficient evidence showing that the currency was proceeds from Reynolds' sale of methamphetamine. See United States v. Martinez, 808 F.2d 1050, 1057 (5th Cir. 1987) (recognizing "that firearms are the 'tools of the trade' of those engaged in illegal drug activities and are highly probative in proving criminal intent."). Based on the information before the court, the district court's determination was not clearly erroneous that the $26,800 was drug proceeds and therefore attributable to Reynolds for purposes of the drug-quantity calculation. See United States v. Fitzgerald, 89 F.3d 218, 223-24 (5th Cir. 1996). The judgment is AFFIRMED.