EMILIO M. GARZA, Circuit Judge,
with whom ROBERT M. PARKER, Circuit Judge, joins, specially concurring:
I write separately to emphasize that there is no authority independent of U.S.S.G. § 2D1.1 Application Note 12 that allows the district court to convert money into drug quantity in order to increase the base level of an offense. Application Note 12 specifically provides that “where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substances.” The Sentencing Guidelines make no other provision for the conversion of cash to drug quantity. Thus, the district court must make a finding that one of these two situations is present. Only after such a finding can the district court proceed to convert cash into drug quantity.
A review of the record reveals no finding by the district court that the drugs seized failed to reflect the scale of Henderson’s offense. However, Henderson challenges only the district court’s finding that the money constituted drug proceeds, not that the court failed to comply with § 2D1.1. Thus, we are compelled to follow United States v. Fitzgerald, 89 F.3d 218 (5th Cir.1996) and United States v. Johnston, 127 F.3d 380, 403 (5th Cir.1997). I would note only that although the courts in Fitzgerald and Johnston may have conducted the analysis required by § 2D1.1, it is not evident from our opinions in these cases. As such, they provide no authority for the conversion of cash to drug quantity without a § 2D1.1 analysis.