UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41117
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN FIGUEROA-CARBAJAL

Defendant-Appellant.

_____

Appeal from the United States District Court,
Southern District of Texas
USDC No. B-00-CR-184-1

_____

November 7, 2001

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[1]

Juan Figueroa-Carbajal is a Mexican citizen who was deported from the United States following his conviction for conspiracy to deliver marijuana, an "aggravated felony" for the purposes of 8 U.S.C. § 1326. Figueroa-Carbajal never obtained the requisite permission to

[1] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

reenter the United States. In April of 2000, however, INS agents approached Figueroa-Carbajal at a Harlingen, Texas airport. When Figueroa-Carbajal displayed false identification, he was arrested.

On April 25, 2000, Figueroa-Carbajal was indicted and charged with being an alien found in the Unites States without the Attorney General's permission after having been previously deported, in violation 8 U.S.C. § 1326(a). Two months later, on June 27, Figueroa-Carbajal pleaded guilty to the sole charge levied against him. On September 7, he was sentenced to 46 months in prison to be followed by a three year term of supervised release.

Figueroa-Carbajal raises a number of issues on appeal, the first being whether he has waived his right to appeal. Figueroa-Carbajal contends that his agreement with the district court's statement that he was waiving his right to appeal his sentence did not serve to deprive him of his right to appeal. As part of a plea agreement, a defendant may be required to waive any rights to appeal. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). Figueroa-Carbajal, however, pleaded guilty without the benefit of a plea agreement, and the government concedes that he has not waived his right to appeal.

Figueroa avers that his indictment was deficient because it failed to allege that he had committed a prior aggravated felony, and he contends that this is an element of the offense and not merely a sentencing factor. An indictment must allege every element of the crime charged. See United States v. Fitzgerald, 89 F.3d 218, 221 (5th Cir. 1996). Because the sufficiency of an indictment is a question of law, this court reviews such a question de novo.

The Supreme Court has held that the commission of an aggravated felony prior to deportation is a sentencing factor and not an element of the offense and thus does not need to be

2

alleged in the indictment.  See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Figueroa-Carbajal's indictment alleged that he was an alien who, having been previously "denied admission, excluded, deported, and removed, knowingly and unlawfully was present in Cameron County, Texas...having not obtained the consent of the Attorney General of the United States for..admission into the United States."  R.1, 42.  As Figueroa-Carbajal was indicted subsequent to the 1997 amendment of 8 U.S.C. § 1326 that dispensed with the requirement of alleging that the defendant had been arrested, all the elements of the offense were alleged in the indictment.

Figueroa-Carbajal next argues that there is an insufficient factual basis supporting his guilty plea because the trial court did not elicit the fact of the prior aggravated conviction.  This court has held that if "sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea."  United States v. Adams, 961 F.2d 505, 509 (5th Cir. 1992).  Because this indictment, as discussed above, adequately alleged each element of the offense, the district court's inquiry into the indictment at rearraignment was sufficient to establish the factual basis.

Lastly, Figueroa-Carbajal argues that he is being confined illegally because the judgment of conviction stated neither that he was found guilty by the district court nor of what crime the court found him guilty.  This argument is frivolous.  The judgment, signed by the presiding judge, was the standard form used by district courts throughout the circuit and reflected that Figueroa-Carbajal pleaded guilty to the indictment's only count on June 27, 2000.

As such, the judgment of the district court is AFFIRMED.