IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41131
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY EVANS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CR-3-1
- - - - - - - - - -
November 8, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Evans appeals from his conviction and sentence for:  1) possession with intent to distribute cocaine, 21 U.S.C. § 841; 2) possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(d)(1); and 3) being a felon in possession of a firearm, 18 U.S.C. § 922(g).  Evans argues that the evidence is insufficient to support the jury's verdict on the count charging him with a violation of 18 U.S.C. § 922(g)(1), because that statute is unconstitutional when the only interstate commerce nexus is the mere fact that the firearm

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at some point traveled interstate. "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." See United States v. De Leon, 170 F.3d 494, 499 (5th Cir.), cert. denied, 528 U.S. 863 (1999). Recent decisions by the Supreme Court do not alter this ruling.

Evans has not shown, and in fact fails to argue, that the district court participated in any way in the plea discussions between Evans and the Government, either before or after the court's rejection of his plea agreement. Without such a showing, it was not error for the same district court to impose sentence. See United States v. Adams, 634 F.2d 830, 835 (5th Cir. 1981).

As the Government concedes, Evans' argument that the paragraph of the indictment charging him with a violation of 18 U.S.C. § 924(c) is legally insufficient because it charged that he "possessed" a firearm during and relation to a drug trafficking crime, and thus failed to state a crime under the statute, is convincing. Under separate clauses of 18 U.S.C. § 924(c)(1)(A), an individual who "uses or carries" a firearm "during and in relation to" a drug-trafficking offense *or* one who "possesses" a firearm "in furtherance of" such an offense violates the law. This court has considered the meaning of the "possession-in-furtherance" language added in 1998 and determined that the phrase has a definition distinct from "using or carrying" a firearm "during and in relation to" drug trafficking. United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), cert. denied, 531 U.S. 1102 (2001). The court held that, under the "possession-in-furtherance" clause it was necessary to

present evidence "more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense."  Id. at 414.

In light of the Ceballos-Torres decision, the indictment charging Evans with a violation of 18 U.S.C. § 924(c) was defective because it charged Evans with a crime that does not exist under the statute, possession of a firearm during and in relation to a drug trafficking crime.  See United States v. Fitzgerald, 89 F.3d 218, 221 (5th Cir. 1996).  Evans' conviction on this court is therefore VACATED.  Because a conviction under 18 U.S.C. § 924(c) carries a mandatory 60-month sentence to run consecutive to any other sentence, the case is REMANDED to the district court for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.