IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50163
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE MACIAS-CASTRO,
also known as Rogelio Martinez-Lopez,
also known as Martin Sotelo-Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CR-106-ALL-JN
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Jose Macias-Castro, federal prisoner # 79463-080, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal reentry into the United States after deportation. Macias-Castro asserts that he is entitled to a sentence reduction under Amendment 632, as that recent amendment to the sentencing guidelines retroactively

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applies to reduce U.S.S.G. § 2L1.2's enhancement for deportation following an aggravated felony conviction.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 3582(c)(2) applies only to amendments to the sentencing guidelines that operate retroactively, as set forth in subsection (c) of the applicable policy statement, U.S.S.G. § 1B1.10, p.s. United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Amendment 632 is not listed in U.S.S.G. § 1B1.10(c), p.s. Thus, an 18 U.S.C. § 3582(c)(2) sentence reduction based on Amendment 632 would not be consistent with the Sentencing Commission's policy statement.  See Drath, 89 F.3d 218. Amendment 632 therefore cannot be given retroactive effect in the context of an 18 U.S.C. § 3582(c)(2) motion.  See id.

In light of the foregoing, the district court lacked the authority to reduce Macias-Castro's sentence pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Lopez, 26 F.3d 512, 515 & n.3 (5th Cir. 1994).  The district court's order denying Macias-Castro's motion for reduction of sentence is AFFIRMED.