United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER MILAN-GARDUNO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1050-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Javier Milan-Garduno ("Milan") pleaded guilty to reentering
the United States without the consent of the Attorney General,
after having been deported or removed and after having been
convicted of an "aggravated felony," a violation of 8 U.S.C.
§ 1326.  Milan was sentenced to 80 months in prison and three
years of supervised release.  He now appeals his conviction and
sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Garcia argues that the district court erred in attributing to him criminal history points for a 1990 Texas conviction of burglary of a building, 1993 Georgia convictions of possession of cocaine and possession of cocaine with intent to distribute, and a 1993 Georgia conviction of theft by receiving. He maintains that the Presentence Report ("PSR") information offered in support of these convictions lacked sufficient indicia of reliability and that he presented "competent rebuttal evidence" to contradict that information. The prior convictions challenged by Milan were in fact supported by sufficient indicia of reliability, especially after the Probation Office stated that it had matched Milan's aliases, date of birth, and FBI number to such convictions. See United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996); U.S.S.G. § 6A1.3, p.s. Because a review of Milan's sentencing transcript reflects that he did *not* present rebuttal evidence, he has not demonstrated that the PSR information was "'materially untrue, inaccurate, or unreliable.'" See United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003) (citation omitted).

The district court's written judgment contained a supervised-release condition prohibiting Milan from possessing "any . . . dangerous weapon," whereas at sentencing the court merely ordered that he not possess a "firearm" or "destructive device." Milan contends that the district court's oral pronouncement supersedes the written condition and that the

written condition thus should be stricken.  Milan's argument is precluded by a recent published decision, United States v. Torres-Aguilar, ___ F.3d ___ (5th Cir. Dec. 3, 2003, No. 03-40055), 2003 WL 22853762 at *3.  His assertion that the panel in Torres-Aguilar failed to acknowledge a contrary unpublished decision is meritless, as unpublished decisions issued or or after January 1, 1996, remain non-binding in this circuit. See 5TH CIR. R. 47.5.4.

Milan argues that 8 U.S.C. § 1326(b) is unconstitutional on its face under Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the aggravated-felony "element" of the offense need not be submitted to the factfinder for proof.  As Milan concedes, his contention regarding Apprendi is foreclosed by the caselaw of this court and by Apprendi itself.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in Apprendi, 530 U.S. at 489-90, expressly declined to overrule the controlling Almendarez-Torres v. United States, 523 U.S. 224 (1998)).  Milan raises this issue to preserve it for review by the Supreme Court.

Milan's conviction and sentence are AFFIRMED.