United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03 - 41242
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOWARD DEWAYNE WILLIAMS,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Eastern District of Texas
(1:02-CR-57-2)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

   In this appeal, we review Defendant - Appellant, Howard Williams', sentence pursuant to

his guilty plea for possession of more than five grams but less than fifty grams of crack cocaine

with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

   Williams argues that the district court erred in imposing a two-level increase in his offense

_____

   [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

level based upon his possession of a pistol that was found in the night stand of the motel room Williams was seen exiting immediately prior to his arrest. Specifically, Williams challenges the reliability of the statements of four drug users arrested in the motel room who told officers that the gun belonged to Williams. According to Williams, the statements lacked sufficient indicia of reliability as required by U.S.S.G. § 6A1.3(a).

We review the decision for plain error because Williams failed to inform the district court of the specific grounds of his objection. *See United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997). Under the plain-error standard of review, Williams bears the burden of showing that (1) there is an error, (2) the error is clear or obvious, and (3) the error affects his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

The Sentencing Guidelines state that if a dangerous weapon was possessed during a drug-trafficking offense, the defendant's offense level is increased by two levels. U.S.S.G. § 2D1.1(b)(1). The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. *Id.*, comment. (n.3); *see United States v. Salado*, 339 F.3d 285, 293-94 (5th Cir. 2003).

The district court relied on information in the PSR, including statements made by drug users, to make it's decision. Information in a PSR generally bears sufficient indicia of reliability to be considered evidence in making factual determinations under the Sentencing Guidelines. *United States v. Fitzgerald*, 89 F.3d 218, 223 (5th Cir. 1996). It is Williams' burden to show that the evidence relied upon is materially untrue, inaccurate, or unreliable. *See United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003).

Though some courts have questioned the reliability of statements made by drug users

-2-

regarding drug-quantity calculations, we find that the four identical statements made in this case as to the simple question of whether the gun belonged to Williams are not materially untrue, inaccurate, or unreliable. *See Id.* Thus, Williams has failed to show plain error. The district court's decision is affirmed.