United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40696
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN ARMANDO MONGE-ANAYA, also known as Lebin Artiaga-Anaya,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1766-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edwin Armando Monge-Anaya (Monge) appeals his sentence imposed after he pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(b)(2).  Monge was sentenced to 50 months of imprisonment and three years of supervised release.  He asserts that the district court erroneously assigned him four criminal history points for his 1995 and 1996 convictions because he committed these offenses prior to his eighteenth birthday and he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not sentenced or confined for these sentences within the five-year period preceding his commencement of the instant offense.

We review this issue under the plain error standard of review because Monge raises this issue for the first time on appeal. United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to show that the district court plainly erred in calculating his criminal history score, Monge must show the existence of an error, that the error was clear and obvious, and that the error affected his substantial rights. Id. at 732-35. If these conditions are met, then this court will reverse the error only if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." Id. at 735-37.

Monge has not demonstrated error, plain or otherwise. The district court relied on information contained in the Presentence Report (PSR) regarding Monge's reported dates of birth, which were inconsistent, and his prior convictions. Information in a PSR "generally bears sufficient indicia of reliability to be considered as evidence" at sentencing in making factual determinations under the Guidelines. United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996). When a district court has relied on such PSR information, the defendant has the burden to show that it "is materially untrue, inaccurate or unreliable." United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003) (internal quotation marks and citation omitted). Monge has not sustained his burden of

showing that the district court considered untrue, inaccurate, or unreliable information in imposing Monge's sentence.

Monge also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Monge's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Monge contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Monge properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.