United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20949
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AURELIO OLIVARES HERNANDEZ, also known as Nano,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-168-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges

PER CURIAM:[*]

Aurelio Olivares Hernandez appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute 500 grams or more of cocaine. Hernandez argues that the district court's consideration of facts that were neither admitted nor proven to a jury in calculating his guidelines sentence

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range violated the Sixth Amendment under <u>United States</u> <u>v. Booker</u>, 543 U.S. 220 (2005). As Hernandez was sentenced under an advisory guidelines scheme following the issuance of <u>Booker</u>, this argument is without merit. <u>See</u> <u>United States v. Johnson</u>, 445 F.3d 793, 798 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 2884 (2006).

For the first time on appeal, Hernandez argues that the district court's drug quantity determination was clearly erroneous because it was speculative and not supported by a preponderance of the evidence. Because Hernandez did not raise this issue below, we review for plain error. <u>See</u> <u>United States v. Alvarado-Santilano</u>, 434 F.3d 794, 795 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1812 (2006).

The district court adopted the factual findings and conclusions set forth in the presentence report (PSR). The conversion of drug proceeds into their drug equivalency was proper. <u>See</u> <u>United States v.</u> <u>Fitzgerald</u>, 89 F.3d 218, 223-24 (5th Cir. 1996); U.S.S.G. § 2D1.1, comment. (n.12). As the facts set forth in the PSR showed that Hernandez was involved in the distribution of kilogram quantities of cocaine in

the Houston area, the inference that the drug proceeds were from that type of transaction was reasonable.  See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).  Because Hernandez did not offer any evidence to rebut the findings in the PSR, the district court did not commit error, plain or otherwise, by adopting the drug quantity determination set forth therein.  See United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005), cert. denied, 126 S. Ct. 1022 (2006).

AFFIRMED.