# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40493
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO MARCHAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-512

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Marchan was sentenced to concurrent terms of 210 months of imprisonment and concurrent five-year terms of supervised release after a jury convicted him of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and possession with intent to distribute more than 1,000 kilograms of marijuana. Marchan challenges the jury's verdict in this matter, asserting that the Government failed to establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the quantity and substance of the bundles seized by agents in their investigation of Marchan.

When analyzing the sufficiency of the evidence, we view "all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal brackets, quotation marks, and citation omitted). The Government may prove its case through direct or circumstantial evidence, and "the jury is free to choose among reasonable constructions of the evidence." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007) (internal quotation marks and citation omitted). We will uphold the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied*, 135 S. Ct. 170 (2014).

Because the quantity of drugs involved increases the possible penalty in this case under 21 U.S.C. § 841(b)(1)(A)(vii), it must be established by the Government beyond a reasonable doubt. *United States v. Daniels,* 723 F.3d 562, 570 (5th Cir. 2013) (citation omitted). The Government satisfied its burden in this matter. *See Daniels*, 723 F.3d at 570. The confidential informant (CI) corroborated testimony by Marchan's co-defendant that the co-defendant would supply 3,000 pounds of marijuana to Marchan by delivering it to the CI's driver. The CI's driver would transport the marijuana to Marchan for distribution. Recorded conversations also corroborated the agreement between Marchan and the co-defendant. A federal agent testified that the bundles were secured, processed, and weighed upon their seizure, and that the bundles weighed more than 4,000 kilograms. The jury reasonably rejected any

suggestion by Marchan that subtracting the weight of the wrapping would bring the total weight of the bundles below 1,000 kilograms. *See Mitchell*, 484 F.3d at 768. Finally, the protocol utilized by the agents, in which they obtained and tested 22 random samples from different bundles, sufficiently established that all of the bundles seized from the van and the house contained marijuana. *See United States v. Fitzgerald*, 89 F.3d 218, 223 n.5 (5th Cir. 1996); *see also United States v. Garza*, 222 F. App'x 433, 437-38 (5th Cir. 2007).

Marchan also argues that the district court erred in admitting as intrinsic evidence testimony about his kidnapping by the Los Zetas drug cartel. He contends that the evidence was irrelevant and highly prejudicial. However, the district court did not abuse its discretion in admitting the evidence. *See United States v. Franklin*, 561 F.3d 398, 404 (5th Cir. 2009); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992). The Government alleged that Marchan had a previous affiliation with the cartel and had been kidnapped by the group over a drug debt. It also believed that the Zetas were the source of the marijuana seized in this case. Testimony about the kidnapping completed the narrative surrounding Marchan's drug trafficking and provided context as to why Marchan enlisted his co-defendant and the CI to act as intermediaries between himself and the cartel. *See United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

AFFIRMED.