# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50865
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SILVESTER YOUNG PEREZ, also known as Silvestre Young Perez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-109-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Silvester Young Perez appeals his 135-month, within-guidelines sentence for possession with intent to distribute 50 grams or more of actual methamphetamine. Perez contends that the district court erred in its cash-to-drug conversion to determine the quantity of drugs attributable to him for the purpose of establishing his base offense level. First, he asserts the court erred in valuing an eight ball of methamphetamine at $150 because the case agent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testified that the cost of an eight ball in the Midland-Odessa area ranged from $150-$350 and Perez admitted to charging $300 per eight ball. Second, he argues the court erred in converting the entire amount of cash found on Perez, even legitimate cash, into drugs.

The district court's drug quantity calculation is a factual determination and will only be reversed by this court upon clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A factual determination is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* A district court may consider drug quantity estimates for sentencing purposes. *Id.* In estimating the quantity of drugs, a district court may convert cash into drug quantities based upon a determination that the cash represented drug transaction proceeds. *See* § 2D1.1 cmt. n.5; *United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997). In determining the quantity of drugs attributable to a defendant, the district judge may consider any information that has sufficient indicia of reliability to support its probable accuracy, including officer testimony. *Betancourt*, 422 F.3d at 247. A presentence report (PSR) generally bears sufficient indicia of reliability, and the "district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence." *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998).

Here, the district court properly considered the PSR and the officer testimony regarding methamphetamine prices in the Midland-Odessa area to convert the cash found on Perez at the time of the drug seizure to drug quantities. *See Betancourt*, 422 F.3d at 247. Perez did not offer any rebuttal evidence and failed to prove that any of the information in the PSR, including the cash-to-drug conversion and quantity of drugs attributable to him, or the

No. 18-50865

officer testimony was materially untrue, inaccurate, or unreliable. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).

Given the evidence that an eight ball of methamphetamine sold between $150 and $350 in the Midland-Odessa area, the district court's finding that $150 was the proper denominator is plausible in light of the record as a whole. *See United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014). The finding that the entire amount of cash seized was drug proceeds was likewise plausible because Perez was unemployed with no source of legitimate income, and the cash was found in the same car as the methamphetamine. *See United States v. Fitzgerald*, 89 F.3d 218, 223-24 (5th Cir. 1996). Therefore, the district court's factual finding regarding the drug quantity attributable to Perez was not clearly erroneous. *See Betancourt*, 422 F.3d at 246.

The judgment of the district court is AFFIRMED.