# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2021

Lyle W. Cayce
Clerk

No. 20-50807

United States of America,

*Plaintiff—Appellee*,

*versus*

Israel Castillo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-46-1

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Israel Castillo pleaded guilty to possession, with intent to distribute, 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  He was sentenced to, *inter alia*, a within-Sentencing Guidelines, statutory mandatory minimum sentence of 120-months' imprisonment.  Castillo challenges the district court's denial of a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

safety-valve adjustment, including its failure to explain its reasons for denying it.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In contending, as he did in district court, that the court erred by not applying the safety-valve provisions in 18 U.S.C. § 3553(f), Castillo challenges its finding he did not meet the criteria of § 3553(f)(5) by failing to truthfully provide to the Government all information and evidence he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan". 18 U.S.C. § 3553(f)(5). The record provides a valid basis for the decision not to apply the adjustment. *See United States v. Miller*, 179 F.3d 961, 969 (5th Cir. 1999) (noting defendant's "purported untruthfulness as to his knowledge of [underlying criminal conduct] would justify the denial of the safety-valve reduction").

Regarding compliance with § 3553(f)(5), Castillo provided the court with a statement including his sale of methamphetamine to the Government's confidential source (CS). The statement, however, did not include any information regarding his discussions, agreement, or plan to sell the CS an additional seven pounds of methamphetamine. The presentence investigation report (PSR) was adopted by the district court; and, because it

contained a sufficient indicia of reliability, the court could use it to determine whether Castillo truthfully provided all of the information and evidence regarding the "same course of conduct" or "common scheme or plan" under § 3553(f)(5). *See United States v. Fitzgerald*, 89 F.3d 218, 223 (5th Cir. 1996) ("A [PSR] generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations required by the sentencing guidelines."). Castillo has not shown the court's finding was clearly erroneous.

Castillo's contesting the court's failure to make specific findings of untruthfulness in its denial of the safety-valve adjustment was not raised in district court; therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Castillo must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings". *Id.*

Castillo fails to show reversible plain error. Regardless of whether the court articulated sufficient factual findings about his untruthfulness, Castillo fails to show the requisite clear or obvious error, for the reasons discussed above.

AFFIRMED.