**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 00-40579
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES HENDERSON, JR, also known as Junior, also known as
Junior James,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas

June 14, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

James Henderson, Jr. ("Henderson") appeals his sentence following a guilty plea conviction

for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A), (b)(1)(B), (b)(1)(C) and 846. On appeal, Henderson challenges: (1) the district court's

adjustment of his sentence for the possession of a firearm; and (2) the district court's conversion of

cash seized to a drug amount and calculating it as part of the drug quantity attributable to Henderson.

We review a district court's application of and the legal interpretation of the sentencing guidelines de novo. *See United States v. Deavors*, 219 F.3d 400, 401 (5th Cir. 2000). We review its findings of fact for clear error. *See United States v. Brown*, 54 F.3d 234, 240 (5th Cir. 1995).

First, Henderson asserts that the district court erred in applying an adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) because there was no evidence that he used a weapon in connection with his drug offense. Since authorities discovered the weapons in the same room as drugs at Henderson's home, the district court did not clearly err in finding a connection between the weapon and the offense. *See United States v. Flucas*, 99 F.3d 177, 179 (5th Cir. 1996) (finding that the "Government may satisfy its burden of proving a connection between the weapon and the offense by showing that the weapon was found in the same location where drugs or drug paraphernalia are stored") (*citing United States v. Mitchell*, 31 F.3d 271, 278 (5th Cir. 1994)).

Second, Henderson contends that the district court erred in calculating the amount of drugs attributable to him by considering $1,560 in cash found at his home the equivalent of seven grams of cocaine base. Henderson argues that the district court converted the cash based on its assumption that the cash constituted drug proceeds, which Henderson asserts is based on pure speculation. The district court did not commit clear error in its finding that the cash constituted drug proceeds. *See United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997) (finding that the district court did not commit clear error when it concluded that the money the defendant delivered to purchase drugs represented proceeds of cocaine transactions); *see also United States v. Fitzgerald*, 89 F.3d 218, 223 (5th Cir. 1997) (holding that where cash seized was in denominations consistent with crack cocaine sales and the defendant was unemployed, the district court did not clearly err in concluding that the cash constituted drug proceeds).

As the district court did not clearly err, the sentence is AFFIRMED.

EMILIO M. GARZA, Circuit Judge, with whom PARKER, Circuit Judge, joins, specially concurring:

I write separately to emphasize that there is no authority independent of U.S.S.G. § 2D1.1 Application Note 12 that allows the district court to convert money into drug quantity in order to increase the base level of an offense. Application Note 12 specifically provides that "where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substances." The Sentencing Guidelines make no other provision for the conversion of cash to drug quantity. Thus, the district court must make a finding that one of these two situations is present. Only after such a finding can the district court proceed to convert cash into drug quantity.

A review of the record reveals no finding by the district court that the drugs seized failed to reflect the scale of Henderson's offense. However, Henderson challenges only the district court's finding that the money constituted drug proceeds, not that the court failed to comply with § 2D1.1. Thus, we are compelled to follow *United States v. Fitzgerald*, 89 F.3d 218 (5th Cir. 1997) and *United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997). I would note only that although the courts in *Fitzgerald* and *Johnston* may have conducted the analysis required by § 2D1.1, it is not evident from our opinions in these cases. As such, they provide no authority for the conversion of cash to drug quantity without a § 2D1.1 analysis.