**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 01-20712

---

UNITED STATES OF AMERICA

Plaintiff- Appellee,

v.

ARMANDO RESENDEZ, also known as Armando Resendez Barrera

Defendant - Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

---

(H-01-CR-164-1)

June 28, 2002

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:[*]

Armando Resendez pleaded guilty to conspiracy to possess with intent to distribute 500 grams

or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B)(ii), and possession with

intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii),

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and 18 U.S.C. § 2 and was sentenced to 87 months imprisonment on each count to be served concurrently. The district court adopted the Presentence Report and Addendum in which the probation officer attributed a large amount of cocaine to Resendez after calculating that bundles of currency found in his apartment were the proceeds of cocaine sales. Resendez appeals his sentence alleging that the district court erred in failing to make a finding that the amount of cocaine seized did not adequately reflect the scale of the offense. We affirm.

According to the presentence report, Special Agent Ron Shelkey of the United States Customs Service received information that Resendez's apartment in Houston, Texas was being used to store narcotics. On June 12, 2000, Agent Shelkey observed Resendez carry a beanbag chair from his apartment and place it in the bed of a pickup truck. Resendez then transported the beanbag chair to a Houston gift shop, where he was seen in the company of a man, later identified as Francisco Ortiz. When a pickup truck arrived in front of the gift shop, Ortiz approached the truck and grabbed a black nylon bag from the truck, then placed the bag in his own truck behind the driver's seat. Later, Ortiz and Resendez left the gift shop carrying the beanbag chair. They put the chair in the bed of Ortiz's truck and drove away.

Houston police conducted a traffic stop of Ortiz's truck. Ortiz, who was driving, consented to a search of the vehicle. The black nylon bag contained numerous bundles of U.S. currency with a total value of $428,665. A police dog alerted to the odor of narcotics on the currency, the black nylon bag, and the beanbag chair. Resendez then consented to a search of his apartment where agents found bundles of U.S. currency totaling $278, 239 hidden in dresser drawers, shopping bags, and a closet. Agents also seized what appeared to be a drug ledger. Written on several small self-sticking

2

yellow notes was the figure $15,300. The agents inferred that $15,300 was the price Resendez charged for a kilogram of cocaine.

After obtaining a search warrant, the agents searched the gift shop and found three bricks of cocaine weighing approximately 2.6 kilograms. The fingerprints of both Ortiz and Resendez were found on the cocaine packages.

Having outlined the scope of Resendez's relevant conduct, the probation officer who wrote the report then determined the amount of drug quantity attributable to him. She wrote:

> The 2.6 kilograms of cocaine seized from the gift shop can be attributed to both of the defendants. . . . Ron Shelkey provided the probation officer with DEA intelligence information indicating that the price per kilogram of cocaine in the Houston area during the second quarter of fiscal year 2000 was $13,500 to $18,000. This would place the figure of $15,300 identified on documents seized from Resendez' apartment in the middle of this range. Based upon this intelligence information and the records of Resendez, a figure of $15,300 will be utilized to calculate the quantity of cocaine attributable to this money seizure. The $278,239 seized from Resendez' apartment . . . equate[s] to 18.2 kilograms of cocaine. Therefore, Armando Resendez will be held accountable for 20.8 kilograms of cocaine for guideline computation purposes.

Resendez objected to the figure of $15,300 as an unrealistically low price for a kilogram of cocaine. In response, an addendum to the presentence report was prepared in which the probation officer maintained that the price per kilogram was correct and stated:

> The evidence seized from the defendant's apartment on June 12, 2000, contained papers reflecting the figure $15,300, coupled with other numbers, when calculated out would support the use of the $15,300 figure. The probation officer, utilizing the instructions at U.S.S.G. § 2D1.1, Application Note 12, converted the seized money to a drug equivalent utilizing the $15,300 figure.

Resendez then filed an objection to the conversion of the $278,239 into 18.2 kilograms of cocaine arguing that 2.6 kilograms of cocaine properly reflected the scale of the offense conduct. At

3

the sentencing hearing, the judge overruled Resendez's objection. The judge found the conversion "adequately warranted under the facts in the presentence report." Defense counsel then stated, "I just want the record to be clear that I'm objecting to any conversion of cash into drugs at any value in this particular case under these facts as proven to the court. . . . I am objecting not on the specific issue of the conversion price, but on the whole idea of converting the cash into drugs in this case." The court noted that Resendez did not present any rebuttal evidence contradicting the basis for the probation officer finding that the amount of money was drug proceeds and could be converted to cocaine. The judge again stated that the objection was overruled and adopted the presentence report and addendum.

We review the trial court's legal interpretation and application of sentencing guidelines de novo and its factual findings for clear error.[2] A district court may adopt facts contained in a presentence report without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence.[3] We will uphold a sentence imposed under the sentencing guidelines unless such sentence is imposed in violation of the law, results from an incorrect application of the guidelines, or is an unreasonable departure from the applicable guideline range.[4]

The sole issue raised by Resendez on appeal is whether the district court must make an explicit finding that the quantity of the drugs seized did not adequately reflect the scale of the offense

---

[2]*United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

[3]*United States v. Peters*, 283 F.3d 300, 314 (5th Cir. 2002).

[4]*United States v. Vital*, 68 F.3d 114, 117 (5th Cir. 1995).

4

before converting money into drug quantity.[5] The U.S. Sentencing Guidelines Manual § 2D1.1, Application Note 12, provides, in pertinent part:

> Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level. . . . Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.

Resendez bases his argument on a concurring opinion in *United States v. Henderson* in which Judge Emilio Garza wrote separately to emphasize the lack of authority for the conversion of cash into drugs to increase a defendant's offense level independent of Application Note 12.[6] Because "[t]he Sentencing Guidelines make no other provision for the conversion of cash to drug quantity," Judge Garza stated, "the district court must make a finding that one of these two situations ['Where there is no drug seizure or the amount seized does not reflect scale of offense'] is present."[7] A review of the record in *Henderson* revealed no finding by the district court that the drugs seized failed to reflect the scale of Henderson's offense.[8] Because Henderson did not challenge the court's failure to comply with the Sentencing Guidelines, Judge Garza stated that the panel was compelled to follow *United States v. Fitzgerald*[9] and *United States v. Johnston*,[10] two cases in which district courts converted cash to drugs for sentencing purposes without explicitly making a finding that the amount

---

[5]Resendez does not challenge the district court's factual findings regarding whether the cash was drug proceeds or the market value of the cocaine.

[6]254 F.3d 543, 544 (5th Cir. 2001) (Emilio Garza, J. concurring).

[7]*Id.*

[8]*Id.*

[9]89 F.3d 218 (5th Cir. 1996).

[10]127 F.3d 380, 403 (5th Cir. 1997).

seized did not reflect the scale of the offense.

While it is true that the court is required to make a finding on every controverted matter, the sentencing court may satisfy this requirement by rejecting a defendant's objections and orally adopting the factual findings of the presentence report,[11] which the court did in this case. Upon review of the sentencing hearing transcript, we agree that the district court did not explicitly state that the amount seized did not reflect the scale of the offense. The presentence report, however, reflects that the probation officer used the instructions of Application Note 12 to convert the seized money to a drug equivalent on the premise that the 2.6 kilograms seized did not reflect the scope of the relevant conduct for the defendant. Resendez did not challenge the probation officer's inference that the $278,239 found in Resendez's apartment was the proceeds of illegal trafficking in narcotics. Accepting the district court's finding that $15,300 was the going rate for a kilogram of cocaine in Houston during 2000, the 2.6 kilograms found at the gift shop obviously does not reflect the scale of Resendez's drug trade, considering the source of the $278,239 found in his apartment. Because the district court clearly considered these circumstances in responding to Resendez's objection to the conversion and adopted the factual findings of the presentence report, the district court satisfied the requirement that it find that the amount of contraband seized did not reflect the scale of Resendez's offense.

We reject Resendez's suggestion that we vacate his sentence so that the district court can make a finding on the record that the amount of contraband seized did not reflect the scale of the

---

[11]*United States v. Brown*, 29 F.3d 953, 958 (5th Cir. 1994).

6

offense  where it is clear that the district court knew the applicable law and applied it correctly.[12]

The sentence of the district court is AFFIRMED.

---

[12]*See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001).