IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10287
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN TORRES HUERTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-94-1-C
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adrian Torres Huerta appeals his sentence following his guilty-plea conviction for distributing methamphetamine within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) & 860(a). He argues that the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) was improper because he never possessed the firearms recovered by police officers during his drug arrest.

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that Huerta's appeal should be dismissed because it is precluded by the waiver-of-appeal provision in the plea agreement. The Government, however, has failed to provide the pertinent transcript to allow this court to make a determination as to whether that waiver was knowing and voluntary. Accordingly, the merits of Huerta's appeal are considered. See FED. R. APP. P. 10(b)(3)(B); United States v. Dunham Concrete Prods., Inc., 475 F.2d 1241, 1251 (5th Cir. 1973).

The facts contained in the presentence report reveal that officers recovered over 100 grams of methamphetamine, digital scales, and three loaded firearms from the residence where Huerta was living. At the sentencing hearing, one of the arresting officers testified that methamphetamine and a firearm were recovered from Huerta's bedroom. See United States v. Henderson, 254 F.3d 543, 543-44 (5th Cir. 2001)(upholding firearm enhancement where authorities recovered both firearms and drugs in the same room of the defendant's residence). Huerta offered no evidence to rebut these facts. Accordingly, the district court did not clearly err in adopting that factual finding. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). The district court's judgment is AFFIRMED.