United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-50334
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ELY FLORES, also known as Pollo, also known
as Ely Flores-Melgar,**

**Defendant-Appellant.**

--------------------
**Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-285**
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ely Flores pleaded guilty to a two-count indictment that

charged him with conspiring to distribute and knowingly possessing

more than five grams of cocaine base (crack cocaine) in violation

of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846.  Flores appeals the

sentence he received after the district court applied U.S.S.G.

§ 2D1.1 to convert cash seized from a safe at Flores's residence to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a drug equivalent for purposes of determining Flores's base offense level.

Section 2D1.1 provides for the conversion of cash to a drug equivalent when drugs are not seized or when the amount seized does not reflect the scale of the offense.  § 2D1.1, comment (n.12).  Given that 41.04 grams of cocaine base, which has a street value of $500 an ounce, does not reflect the amount of cocaine base Flores would have to sell to earn $16,920, the amount of drugs seized did not accurately reflect the scale of Flores's offense.  Thus, the district court did not err when it applied Note 12 to § 2D1.1 to convert the cash to a drug equivalent in determining Flores's sentence.  See United States v. Henderson, 254 F.3d 543, 544 (5th Cir. 2001); United States v. McCaskey, 9 F.3d 368, 375 (5th Cir. 1993).

**AFFIRMED.**