# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51603
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRUCE WILBERT LAWS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-51-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Defendant-Appellant Bruce Wilbert Laws challenges the 120-month sentence he received following his guilty-plea conviction for possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a), and for possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). He claims, for the first time on appeal, that the district court erred in converting $13,873 found in his home and vehicle to the equivalent of 150 kilograms of marijuana for purposes of his attributable drug quantity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, he contends that the district court erred in failing to make an explicit finding that the quantity of drugs seized in his case did not adequately reflect the scale of his offense, pursuant to U.S.S.G. § 2D1.1, comment. (n.12).

As the argument was not raised below, we review for plain error only, and we will not reverse absent a showing of clear or obvious error which affected Laws's substantial rights. United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc). The district court did not make a specific finding at sentencing that the quantity of drugs seized did not reflect the scale of the offense, but this was because Laws made no objection regarding the conversion at sentencing. As the question whether the drugs seized adequately reflected the scale of Laws' offense is one of fact, it cannot be plain error. See United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). Moreover, the district court adopted the findings of the PSR, which included findings that the cash seized represented the proceeds of drug sales. The district court's adoption of the PSR was sufficient. Cf. United States v. Henderson, 254 F.3d 543 (5th Cir. 2001); United States v. Brown, 29 F.3d 953, 958 (5th Cir. 1994).

Laws also claims that district court erred in failing to specify the reasons for imposing sentence where it did within the guidelines range, which, he asserts, renders his sentence "procedurally unreasonable." His argument is essentially a challenge to the presumption of reasonableness afforded a sentence imposed within the correctly calculated guidelines range. He concedes that the argument is foreclosed by circuit precedent, but he raises it to preserve it for further review. The argument fails. The Supreme Court has since affirmed the use of a presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007).

The district court's judgment is AFFIRMED.