# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS MARIN-PAYAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-141-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Marin-Payan pleaded guilty of possession of a controlled substance with intent to distribute, and he was sentenced within the guidelines range to a 60-month term of imprisonment and to a three-year period of supervised release. Marin-Payan raises issues challenging his sentence. After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)).  Ordinarily, the district court's application of the Guidelines is reviewed de novo, and its fact findings are reviewed for clear error.  *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).  A factual finding is not clearly erroneous if it is plausible in light of the record as a whole.  *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

Where error has been forfeited by the failure to make a timely objection, this court's review is for plain error.  *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).  To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes this showing, "the court of appeals has the *discretion* to remedy the error-discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

Marin-Payan contends that, in determining the drug quantity on the basis of $5,470 in cash seized at the time of his arrest, the district court erred by failing to find that the amount of seized drugs did not reflect the scale of the offense, contrary to U.S.S.G. § 2D1.1, comment. (n.5) (2015).  Marin-Payan invokes *United States v. Henderson*, 254 F.3d 543, 544 (5th Cir. 2001) (Garza, J., concurring).  He concedes that this court's review is for plain error.

The district court adopted the PSR's findings.  We observe that Note 5 was before the court because it was discussed in the addendum to the presentence report and in the parties' responses to the addendum.  The district court expressly relied on the addendum and the Government's response in overruling Marin-Payan's objection to the lack of evidence supporting the cash-

to-drugs conversion.  Marin-Payan has not shown that the district court committed a clear or obvious error in failing to make findings under Note 5. *See Puckett*, 556 U.S. at 135.

Marin-Payan also contends that the district court clearly erred in finding that the evidence supported conversion of the cash to drug-quantity amounts. The district court's factual finding was plausible in light of the record as a whole and was not clearly erroneous.  *See Alaniz*, 726 F.3d at 618.  The court was not required to accept as true Marin-Payan's assertions in his post-arrest statement minimizing the extent of his drug dealing.  *See id.*  There was ample circumstantial evidence supporting the district court's finding that the cash more accurately reflected the scale of Marin-Payan's offense, and Marin-Payan did not present rebuttal evidence or otherwise show that the information in the PSR was unreliable.  *See id.*; *see also Trujillo*, 502 F.3d at 357.  The judgment is AFFIRMED.