United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10068
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RIGOBERTO GRIJALVA-LOPEZ, also know as Marcos
Ventura-Lopez, also known as Jesus Guardado-Sanchez, also
known as Mario Alberto, also known as Carlos Alberto, also
known as Jesus Gomez-Sanchez, also known as Marcus
Ventura-Lopez,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(4:03-CR-264-ALL-A)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal, we review the sentence of Defendant -
Appellant, Rigoberto Grijalva-Lopez, for illegal re-entry
following deportation in violation of 8 U.S.C. §§ 1326(a), (b)(2)
and 6 U.S.C. §§ 202(3), (4), and 557. For the following reasons,
we uphold the sentence.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Grijalva-Lopez argues that the district court erred in departing upward from the Sentencing Guidelines range. Grijalva-Lopez had previously been charged in state court with residential burglary and aggravated kidnaping, but he eventually pleaded guilty to the lesser charges of trespassing and false imprisonment. He argues that the district court's consideration of the charged offenses instead of the convicted offenses without an independent investigation of the facts was in opposition to the requirements of U.S.S.G. § 4A1.3(a)(3) which allows the district court to determine whether a defendant's criminal history category substantially underrepresents his criminal history or the likelihood that he will commit other crimes.

We review the district court's decision to depart under 18 U.S.C. § 3742(e)(3)(B) de novo. *See United States v. Phipps*, 368 F.3d 505, 513 (5th Cir. 2004); *United States v. Lee*, 358 F.3d 315, 326-27 (5th Cir. 2004).

The Sentencing Guidelines do not prohibit a district court from considering information other than the factors listed in § 4A1.3(a)(2) in determining whether a defendant's criminal history category substantially underrepresents his criminal history or the likelihood that he will commit other crimes. U.S.S.G. §§ 1B1.1, comment (n.2), 4A1.3(a)(2). In this case, the district court did not consider Grijalva-Lopez's prior arrest record itself in deciding to depart upwards and instead relied on

information in the Presentence Report.  Further, Grijalva-Lopez failed to demonstrate that information found in the Presentence Report and relied upon by the district court was untrue.  *See United States v. Fitzgerald*, 89 F.3d 218, 223 (5th Cir. 1996).  Thus, the district court did not err in finding that Grijalva-Lopez committed aggravated kidnaping and residential burglary and departing upwards from the Sentencing Guidelines range.

Grijalva-Lopez also presents several arguments for the first time on appeal: (1) that none of the information considered by the district court falls within the list of enumerated factors in § 4A1.3(a)(2)(A)-(E) and therefore should not have been considered; (2) that his remote convictions are not serious or similar to the instant offense within the meaning of § 4A1.2; (3) that even if this court determined that some of the offenses were serious or similar offenses, the existence of one or two such convictions did not justify an upward departure; (4) that the misdemeanor offenses cited by the district court did not evidence a propensity for violence; and (5) that the extent of the upward departure was unreasonable and the district court did not consider intermediate sentencing ranges.

After a review of these issues for plain error, we find that Grijalva-Lopez has failed to show that the district court committed plain error.  *See United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).

Finally, we defer to the decision of this court in *United States v. Pineiro*, No. 03-30437, 2004 WL 1543170 (5th Cir. July 12. 2004) in finding that Grijalva-Lopez's sentence did not violate the United States Constitution.

For the foregoing reasons, the sentence is AFFIRMED.