United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10068
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RIGOBERTO GRIJALVA-LOPEZ, also known as MARCOS VENTURA-LOPEZ,
also known as JESUS GUARDADO-SANCHEZ, also known as MARIO
ALBERTO, also known as CARLOS ALBERTO, also known as JESUS GOMEZ-
SANCHEZ, also known as MARCUS VENTURA-LOPEZ

Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

In our previous opinion in this case, we affirmed Defendant-
Appellant's conviction and sentence. See United States v.
Grijalva-Lopez, No. 04-10068, 108 Fed. Appx. 157, (5th Cir. 2004)
(unpublished). Following our judgment, Grijalva-Lopez filed a

_____

[*]This appeal is being decided by a quorum due to the death
of Judge Reynaldo G. Garza. 28 U.S.C. § 46(d).

-1-

petition for certiorari. The Supreme Court granted Grijalva-Lopez's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). We now reconsider the matter in light of <u>Booker</u> and decide to reinstate our previous judgment affirming Grijalva-Lopez's conviction and sentence.

Grijalva-Lopez raised a <u>Booker</u>-related challenge to his sentence for the first time in a supplemental brief before his direct appeal was submitted to this court. Because Appellant made no <u>Booker</u>-related objection in the district court, however, Appellant's claim must fail under the plain-error test discussed in <u>United States v. Mares</u>, 402 F.3d 511, 520-22 (5th Cir. 2005). Our review of the record reveals no basis for concluding that the district court would have imposed a less severe sentence if the district court had proceeded under advisory, rather than mandatory guidelines. In fact, the record indicates that the court would <u>not</u> have imposed a lighter sentence. First, the court upwardly departed from a guideline range of 21-27 months to a sentence of 87 months. The court also ordered defendant to serve this sentence consecutively to a sentence he was serving at the time the court imposed this sentence.

Grijalva-Lopez also argues that application of Justice Breyer's remedial opinion in <u>Booker</u> would strip him of his constitutional protections against *ex post facto* laws. He explains

that Apprendi gave him the right to a jury trial on all facts essential to his sentence and Justice Breyer's remedial opinion in Booker stripped that right away. In United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005) we rejected that argument and held that Booker required us to apply both Justice Stevens' merits opinion and Justice Breyer's remedial opinion in Booker to all cases such as this one on direct review.

Finally, Grijalva-Lopez argues that his sentence was unreasonable. Assuming arguendo that this argument can be made, when this objection was not raised earlier, it has no merit with respect to this guideline sentence. See Mares, 402 F.3d 511 (5th Cir. 2005) ("If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines."). Id. at 519.

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Grijalva-Lopez's conviction and sentence.